UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BARAJAS,<br><br>            Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>            Defendant. | Civil No. 10cv02327 WQH(RBB)<br><br>**REPORT AND RECOMMENDATION GRANTING DEFENDANT'S EX PARTE MOTION TO REMAND FOR FURTHER PROCEEDINGS PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(g) [ECF NO. 20]** |

On November 10, 2010, Plaintiff Francisco Barajas filed a Complaint against Defendant Michael J. Astrue, Commissioner of Social Security, for Review of Final Decision of the Social Security Administration ("SSA") [ECF No. 1]. Barajas challenges the denial of his claim for disability insurance benefits and supplemental security income. (Compl. 3, ECF No. 1.) All matters arising in the case were referred to this Court [ECF No. 5]. Defendant filed an Answer to Complaint on February 8, 2011, and filed the Administrative Record the same day [ECF Nos. 11-12]. On March 3, 2011, Plaintiff's Motion for Summary Judgment was filed, along with a Memorandum of Points and Authorities and an Appendix [ECF No. 14].

The Defendant has not opposed the Motion for Summary Judgment. Instead, Defendant's Ex Parte Motion to Remand for Further Proceedings Pursuant to 42 U.S.C. § 405(g) was filed on April 26, 2011, along with a Memorandum of Points and Authorities [ECF No. 20]. The Court found Plaintiff's Motion for Summary Judgment suitable for resolution on the papers and set a hearing for Defendant's Ex Parte Motion to Remand [ECF No. 21]. Plaintiff filed an Opposition, and the Defendant filed a Reply [ECF Nos. 24, 26].

On June 6, 2011, the Court held a hearing on Defendant's Ex Parte Motion to Remand, during which the Court and the parties addressed Defendant's Motion at length [ECF No. 29]. The Court explained its tentative ruling on the record and summarizes its reasoning below. The district court should **GRANT** Defendant's Ex Parte Motion to Remand.

## I.   APPLICABLE LEGAL STANDARDS

### A.   Generally

To qualify for disability benefits under the Social Security Act, an applicant must show two things: (1) He or she suffers from a medically determinable impairment that can be expected to last for a continuous period of twelve months or more, or would result in death; and (2) the impairment renders the applicant incapable of performing the work that he or she previously performed or any other substantially gainful employment that exists in the national economy. See 42 U.S.C.A. §§ 423(d)(1)(A), (2)(A) (West Supp. 2010). An applicant must meet both requirements to be classified as "disabled." Id.

Sections 205(g) and 1631(c)(3) of the Social Security Act allow applicants whose claims have been denied by the Social Security Administration to seek judicial review of the Commissioner's final agency decision. Id. §§ 405(g), 1383(c)(3). The district court may affirm, modify, or reverse the Commissioner's decision. Id. § 405(g). The court should affirm the decision unless "it is based upon legal error or is not supported by substantial evidence." Bayliss v. Barnhart, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1999)). The district court may also remand the matter to the Social Security Administration for further proceedings. 42 U.S.C.A. §§ 405(g).

**B.  Treating and Examining Physicians**

The Administrative Law Judge ("ALJ") must consider all medical opinion evidence. 20 C.F.R. § 404.1527(b) (2011). According to the regulations, a treating physician's opinion must be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record . . . ." Id. § 404.1527(d)(2). If the treating physician's opinion is not given controlling weight, the following factors are applied to determine what weight to give the opinion: (1) the length of the treatment relationship and the frequency of examination, (2) the nature and extent of the treatment relationship, (3) the supportability of the opinion, (4) the consistency of the opinion with the record as a whole, (5) the specialization of the treating physician, and (6) any other factors

brought to the attention of the ALJ which tend to support or contradict the opinion. Id. § 404.1527(d)(2)(i)-(ii), (d)(3)-(6).

Opinions of treating physicians may only be rejected under certain circumstances. See Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004). "Cases in [the Ninth Circuit] distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995) (footnote omitted).

The standard for determining whether an ALJ properly rejected the opinion of a treating physician varies. If the treating doctor's determination is not contradicted by another doctor, the ALJ must give clear and convincing reasons for rejecting the uncontradicted opinion. Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see also Spelatz v. Astrue, 321 F. App'x 689, 692 (9th Cir. 2009); Lester, 81 F.3d at 830. On the other hand, if the treating physician's conclusion is contradicted, "'the ALJ must give specific, legitimate reasons for disregarding the opinion of the treating physician.'" Batson, 359 F.3d at 1195 (quoting Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992)); see also Lingenfelter v. Astrue, 504 F.3d 1028, 1042 (9th Cir. 2007). An ALJ may discredit opinions "that are conclusory, brief, and unsupported by . . . objective medical findings." Batson, 359 F.3d at 1195. Although a treating physician's opinion is given the most weight, an opinion on the ultimate determination of disability is

not binding on an ALJ.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1148 (9th Cir. 2011).

"The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." <u>Lester</u>, 81 F.3d at 830 (citing <u>Pitzer v. Sullivan</u>, 908 F.2d 502, 506 (9th Cir. 1990); <u>Gallant v. Heckler</u>, 753 F.2d 1450, 1454 (9th Cir. 1984)).  Similar to the standard for treating physicians, if the examining doctor's opinion is not contradicted, the ALJ must give clear and convincing reasons for rejecting it.  <u>Lester</u>, 81 F.3d at 830.  "[T]he opinion of an examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record."  <u>Id.</u> at 830-31 (citing <u>Andrews v. Shalala</u>, 53 F.3d 1035, 1043 (9th Cir. 1995)).

**C.  Remand for Further Proceedings**

A district court may remand a Social Security disability matter under sentence four of 42 U.S.C. § 405(g).  <u>Hoa Hong Van v. Barnhart</u>, 483 F.3d 600, 605 (9th Cir. 2007).  That provision states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C.A. § 405(g).  "A sentence-four remand is essentially a determination that the Commissioner erred in denying benefits."  <u>Georgina v. Astrue</u>, No. 09-1113-HA, 2011 U.S. Dist. LEXIS 7187, at *19  (D. Or. Jan. 25, 2011) (citing <u>Hoa Hong Van</u>, 483 F.3d at 605).  After a case is remanded and an additional hearing is held, the

Commissioner may modify or affirm the original findings of fact or the decision. 42 U.S.C.A. § 405(g).

The decision to remand to the Commissioner for further proceedings or to award benefits is within the court's discretion. <u>Springer v. Chater</u>, 1996 U.S. App. LEXIS 18296, at *6 (9th Cir. July 18, 1996). "'If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal [and an award of benefits] is appropriate.'" <u>McAllister v. Sullivan</u>, 888 F.2d 599, 603 (9th Cir. 1989) (quoting <u>Lewin v. Schweiker</u>, 654 F.2d 631, 635 (9th Cir. 1981)). "[T]he proper course, except in rare circumstances, is to remand to an administrative agency for additional investigation or explanation." <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002).

## II. DISCUSSION

After reviewing the Plaintiff's Motion for Summary Judgment, Defendant Astrue argues that the matter should be remanded for further proceedings under sentence four of 42 U.S.C. § 405(g). (Def.'s Ex Parte Mot. Remand Attach. #1 Mem. P. & A. 1, ECF No. 20.) Specifically, the Commissioner asks the Court to remand the case to allow the ALJ to address the errors in his evaluation of Barajas's education and the medical evidence in the record. (<u>Id.</u> at 1, 3.) The Plaintiff opposes Defendant's Ex Parte Motion and asks the Court to reverse the Commissioner's decision, find that Barajas is disabled, and order the calculation of benefits. (Opp'n 1, 10, ECF No. 24.) Alternatively, the Plaintiff requests that the Court include certain findings of fact in its remand order because some facts are established as a matter of law. (<u>Id.</u>)

"Administrative law judges are responsible for reviewing the evidence and making findings of fact and conclusions of law." 20 C.F.R. § 404.1527(f)(2). "The general rule is that conflicts in the evidence are to be resolved by the Commissioner. Moreover, where the Commissioner is in a better position than this court to evaluate the evidence, remand is appropriate." Springer, 1996 U.S. App. LEXIS 18296, at *8. The ALJ is the final arbiter with regard to resolving ambiguities in the medical evidence. Tommasetti v. Astrue, 533 F.3d 1035, 1041-42 (9th Cir. 2008). The Commissioner's decision must be upheld when the evidence would support more than one rational interpretation. Georgina, 2011 U.S. Dist. LEXIS 7187, at *4 (citing Thomas v. Barnhart, 278 F.3d at 954).

The Ninth Circuit has articulated the standard district courts must apply when deciding whether to remand a matter for further proceedings:

> Remand for further administrative proceedings is appropriate if enhancement of the record would be useful. Conversely, where the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits. More specifically, the district court should credit evidence that was rejected during the administrative process and remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004) (citations omitted); see Strauss v. Comm'r of Soc. Sec. Admin., 635 F.3d 1135, 1138 (9th Cir. 2011) (applying the standard outlined in Benecke, 379 F.3d at 593). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no

matter how egregious the ALJ's errors may be." <u>Strauss</u>, 635 F.3d at 1138.

## A. <u>Errors in the ALJ's Decision</u>

The Commissioner argues that the Court should remand the case to enable the ALJ, who is the finder of fact, to address the errors in his assessment of the medical evidence and of Plaintiff's education. (Def.'s Ex Parte Mot. Remand Attach. #1 Mem. P. & A. 1, ECF No. 20.)

### 1. The ALJ's Evaluation of Medical Evidence

Astrue contends that in determining that Barajas had the residual functional capacity ("RFC") to perform a full range of light work, the ALJ gave great weight to the state agency physicians who had reviewed Plaintiff's records. (<u>Id.</u>) According to the Commissioner, in crediting these state agency doctors' opinions, the ALJ disagreed with the view of the examining physician, medical doctor Ray L. Craemer, who opined that Plaintiff "had lost 75% of his pre-injury ability to bend, stoop, lift, push, pull, climb, etc., and was precluded from standing or sitting uninterrupted for greater than 45 minutes without a five to eight minute change of position." (<u>Id.</u> at 2.)  Defendant Astrue argues that Dr. Craemer's opinion conflicted with the ALJ's RFC finding, yet the ALJ did not explain the weight he gave Dr. Craemer's opinion, as required. (<u>Id.</u>)

The Commissioner further alleges that on three occasions the treating physician, medical doctor Khalid B. Ahmed, determined that Barajas was "temporarily totally disabled." (<u>Id.</u> at 2-3.) Defendant contends that this assessment is also inconsistent with the ALJ's RFC finding, yet the ALJ similarly failed to explain the

1  weight he gave to Dr. Ahmed's opinion. (Id.)  Also, the ALJ
2  mischaracterized Dr. Ahmed's conclusion regarding Barajas's ability
3  to stand and walk. (Id. at 2.)  In his May 2007 permanent and
4  stationary report, Dr. Ahmed found that Barajas could not engage in
5  prolonged walking and standing. (Id.)  But the ALJ stated that Dr.
6  Ahmed said Plaintiff could stand and walk for six hours in an
7  eight-hour day. (Id. at 3.)  The Commissioner argues that Dr.
8  Ahmed's opinion was therefore inconsistent with the ALJ's RFC
9  finding. (Id.)

10     In light of these errors, Astrue argues that remanding the
11 matter under section 405(g) is the appropriate remedy. (Id. at 4.)
12 On remand, the ALJ should allow Barajas to submit additional
13 evidence, and the ALJ should explain the weight he gives to each
14 medical source's opinion. (Id.)  The ALJ is the fact-finder who
15 must resolve conflicts in the medical evidence and decide which
16 assessment deserves the most weight. (Reply 1-2, ECF No. 26.)
17 Defendant alleges that the Court is not required to credit the
18 treating and examining physicians' opinions as true. (Def.'s Ex
19 Parte Mot. Remand Attach. #1 Mem. P. & A. 4-5, ECF No. 20.)

20     In response, Plaintiff asserts that more weight should be
21 given to the opinion of a treating physician than to the opinion of
22 a nontreating physician, and if another doctor's opinion
23 contradicts the treating physician's opinion, the Commissioner may
24 not reject the opinion without giving specific reasons. (Opp'n 5,
25 ECF No. 24 (quoting Lester, 81 F.3d at 830).)  Barajas contends the
26 matter should not be remanded, but if it is, the Court should order
27 that the opinions of physicians Craemer and Ahmed be credited as
28 true. (Opp'n 6-9, ECF No. 24.)

The ALJ determined that Plaintiff had the RFC to perform a full range of light work. (Admin. R. Attach. #2, 24, ECF No. 12 (citing 20 C.F.R. §§ 404.1567(b), 416.967(b)).) A job in this category requires "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b). The examining physician, Dr. Craemer, believed Barajas could not sit or stand uninterrupted for more than forty-five minutes at a time. (Admin. R. Attach. #7, 185, ECF No. 12.) The vocational expert classified this as sedentary work with a sit-stand option. (Id. Attach. #2, 55-56 (citing id. Attach. # 7, 185).) The treating physician, Dr. Ahmed, explained that Barajas was temporarily totally disabled, and he was precluded from prolonged walking and standing. (Id. Attach. #7, 49, 57, 62, 74.) The vocational expert believed that Dr. Ahmed's opinion allowed for a range of light work. (Id. Attach. #2, 54.)

The ALJ's conclusion that Plaintiff had an RFC to perform light work is inconsistent with examining physician Dr. Craemer's finding that the Claimant could not sit uninterrupted for more than forty-five minutes, which amounts to sedentary work with a sit-stand option. The ALJ's RFC finding is also inconsistent with Dr. Ahmed's conclusion that Barajas was temporarily totally disabled. Therefore, the ALJ gave weight to the state agency physicians' opinions and discredited the examining and treating physicians' assessments.

As noted previously, the vocational expert believed Dr. Craemer concluded that sedentary work with a sit-stand option could be performed by Barajas and that Dr. Ahmed allowed for a range of light work. (Admin. R. Attach. #2, 54-56, ECF No. 12.) These opinions are in conflict. Compare 20 C.F.R. §§ 404.1567(a),

416.967(a) (defining sedentary work as one that involves sitting), with id. §§ 404.1567(b), 416.967(b) (stating that light work requires a good deal of walking or standing).  To reject the opinion of an examining or a treating physician where the opinion is contradicted by other opinions, the ALJ was required to give specific and legitimate reasons for doing so.  See Batson, 359 F.3d at 1195; Lester, 81 F.3d at 830-31.  Moreover, conflicts in the medical evidence must be resolved by the Commissioner; a remand for that purpose is appropriate.  Springer, 1996 U.S. App. LEXIS 18296, at *8.

The ALJ gave minimal reasons for rejecting the doctors' opinions.  See Strauss, 635 F.3d at 1138.  The ALJ explained his RFC finding by stating, "After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light [work]."  (Admin. R. Attach. #2, 24, ECF No. 12.)  The ALJ noted, "As for the opinion evidence, I have given significant weight to the opinion of the State agency medical consultant (Exhibit 5F).  It is noteworthy that no treating physician has given exertional or nonexertional limits more restrictive than that of these limitations."  (Id. Attach. #2, 27 (citing id. Attach. #7, 91-95).)  Beyond this, the ALJ did not articulate his reasons for discrediting Dr. Craemer's and Dr. Ahmed's medical opinions.

There may or may not be evidence in the record that the ALJ can rely on to render the required "specific" and "legitimate" reasons for disregarding these opinions; regardless, the ALJ is in a better position to perform the task than this Court.  See McAllister, 888 F.2d at 603; Gonzalez v. Sullivan, 914 F.2d 1197,

1201 (9th Cir. 1990) ("We are wary of speculating about the basis of the ALJ's conclusion . . . ."). The Administration should readdress the outstanding issues before making a decision as to Barajas's disability. But see Strauss, 635 F.3d at 1138; see also Benecke, 379 F.3d at 595 (explaining that where the ALJ expressed his reasons for discrediting the treating and examining doctors' opinions at length, allowing the ALJ to decide and explain the issue a second time "would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."). Moreover, it is not clear from the record that the ALJ would be required to find Plaintiff Barajas disabled if the opinions of the treating and examining physicians were credited. See Strauss, 635 F.3d at 1138.

In light of the ALJ's failure to articulate any basis for rejecting the conflicting determinations of Doctors Craemer and Ahmed, the matter should be remanded to allow the ALJ to explain his reasons for doing so. See id.; Springer, 1996 U.S. App. LEXIS 18296, at *8 (upholding the district court's decision to remand to allow the ALJ to explain his reasons for discounting the evaluations of two of the five physicians when it was clear from the record that the medical evidence from the five physicians was conflicting); see also Benecke, 379 F.3d at 594, 594 n.3 (holding that the decision to deny benefits should be reversed because the ALJ rendered a lengthy explanation for discrediting the treating physicians' opinions, the reasoning was legally insufficient, the record was fully established, and the evidence compelled a finding of disability); Marquez v. Astrue, No. ED CV 09-1921-E, 2010 U.S. Dist. LEXIS 41054, at *7-8 (C.D. Cal. Apr. 27, 2010) (applying

Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir. 2000), to decide whether reversal or remand is appropriate). In Barajas's case, there are outstanding issues that need to be addressed before a disability determination can be made.

### 2. The ALJ's Evaluation of Plaintiff's Education

The Defendant additionally argues that the matter should be remanded because of the ALJ's determination regarding Barajas's education. Specifically, Astrue alleges that the ALJ found that Plaintiff has a "marginal education" and is capable of communicating in English; a person with marginal education can read but has less than seven years of formal education. (Def.'s Ex Parte Mot. Remand Attach. #1 Mem. P. & A. 3, ECF No. 20.) Defendant concedes that the ALJ's finding of marginal education was inconsistent with the evidence because the record shows Barajas could not speak, read, or write in English. (Id.) The Commissioner asserts that on remand the ALJ should consider all of this evidence as well as any additional evidence Barajas may choose to present. (Id. at 4; see Reply 3, ECF No. 26.)

Barajas, on the other hand, argues that in bringing this Motion, the Commissioner acknowledges that the ALJ improperly found that Plaintiff's education was "marginal" rather than "illiterate." (Opp'n 7, ECF No. 24.) The Plaintiff asks the Court to credit the evidence showing that he cannot read or write in English, and to find that Barajas is illiterate. (Id. at 7-8.) Alternatively, if the Court remands the matter, Barajas asserts he should be deemed illiterate as a matter of law. (Id.)

"Illiteracy means the inability to read or write. We consider someone illiterate if the person cannot read or write a simple

message such as instructions or inventory lists even though the person can sign his or her name." 20 C.F.R. § 416.964(b)(1). "Marginal education means ability in reasoning, arithmetic, and language skills which are needed to do simple, unskilled types of jobs." Id. § 416.964(b)(2). A claimant's ability to communicate in English is considered when evaluating what work he or she can do, and it usually does not matter what other language the claimant may be fluent in. Id.

As discussed previously, the district court should credit evidence that was rejected during the administrative process and remand for an award of benefits only if (1) the ALJ did not give legally sufficient reasons for rejecting the evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear that the ALJ would be required to find the claimant disabled were such evidence credited. Strauss, 635 F.3d at 1138 (quoting Benecke, 379 F.3d at 593).

The ALJ noted, "The claimant has a marginal education and is able to communicate in English."  (Admin. R. Attach. #2, 27, ECF No. 12 (citing 20 C.F.R. §§ 404.1563, 416.963).) The ALJ did not explain the literacy finding beyond this. See Burt v. Astrue, No. CIV-09-328-KEW, 2011 U.S. Dist. LEXIS 34462, at *13 (E.D. Okla., Mar. 30, 2011) (remanding the case because although there was substantial evidence to call the claimant's literacy into question, the ALJ did not make specific findings on the claimant's literacy); see also Strauss, 635 F.3d at 1138.

While the ALJ discussed limitations in Barajas's ability to read and write, the ALJ did not sufficiently assess Plaintiff's

literacy limitations under the regulations.  As a result, the ALJ inappropriately applied the medical-vocational guidelines (the "grids") in reaching a finding of nondisability.  The district court should remand to allow the ALJ to reevaluate the evidence regarding Barajas's literacy and make the appropriate findings under the applicable listing.  See Burt, 2011 U.S. Dist. LEXIS 34462, at *15 (remanding where ALJ did not discuss whether the Grids would compel a finding of disability if there was a finding of illiteracy).

### III. CONCLUSION

For the reasons stated on the record and as summarized above, the Court recommends that Defendant's Ex Parte Motion to Remand be **GRANTED** [ECF No. 20].  The Commissioner may hold additional hearings and receive further evidence when reconsidering the matter.  See McAllister, 888 F.2d at 604.

This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Any party may file written objections with the Court and serve a copy on all parties on or before July 29, 2011.  The document should be captioned "Objections to Report and Recommendation."  Any reply to the objections shall be served and filed on or before August 12, 2011.  The parties are advised that failure to file objections within the specified time

may waive the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATE: July 8, 2011

_____
Ruben B. Brooks
United States Magistrate Judge

cc: Judge Hayes
    All Parties of Record