1
2
3
4
5
6
7

8        **UNITED STATES DISTRICT COURT**

9        **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FRANCISCO BARAJAS,                          CASE NO. 10cv2327-WQH (RBB)

12                              Plaintiff,       ORDER
            vs.
13   MICHAEL J. ASTRUE,
     COMMISSIONER OF THE SOCIAL
14   SECURITY ADMINISTRATION,

15                              Defendant.

16   HAYES, Judge:

17          The matter before the Court is the review of the Report and Recommendation (ECF No.

18   30) issued by United States Magistrate Judge Ruben B. Brooks, recommending that

19   Defendant's Ex Parte Motion to Remand (ECF No. 20) be granted.

20                                    BACKGROUND

21          On November 10, 2010, Plaintiff Francisco Barajas filed a Complaint against Defendant

22   Michael J. Astrue, Commissioner of Social Security, for Review of Final Decision of the

23   Social Security Administration ("SSA") challenging the denial of his claim for disability

24   insurance benefits and supplemental security income. (ECF No. 1).  On March 3, 2011,

25   Plaintiff filed a Motion for Summary Judgment.  (ECF No. 14).

26          On April 26, 2011, Defendant filed an Ex Parte Motion to Remand for Further

27   Proceedings Pursuant to 42 U.S.C. § 405(g).  (ECF No. 20).  Defendant contends that the

28   examining and treating physician's opinions conflicted with the administrative law judge's

residual functional capacity finding, but the administrative law judge did not adequately explain the weight given to the medical opinions.   Defendant also contends that the administrative law judge's finding that Plaintiff has a marginal education conflicted with the evidence in the record.   Defendant seeks remand of the case to allow the administrative law judge to address the errors in his evaluation of the medical evidence and Plaintiff's education.

On May 2, 2011, Plaintiff filed an Opposition.  (ECF No. 24).  Plaintiff contends that the Court should reverse the Commissioner's decision and find that Plaintiff is disabled.  On May 23, 2011, Defendant filed a Reply.  (ECF No. 26).

On June 6, 2011, Magistrate Judge Brooks held a hearing on Defendant's Ex Parte Motion to Remand.  (ECF No. 29).  On July 8, 2011, the Magistrate Judge issued the Report and Recommendation.  (ECF No. 30).  The Report and Recommendation recommends that Defendant's Ex Parte Motion to Remand be granted.  The Magistrate Judge concluded that: "In Barajas's case, there are outstanding issues that need to be addressed before a disability determination can be made." *Id*. at 13.  The Magistrate Judge concluded that: "The district court should remand to allow the ALJ to reevaluate the evidence regarding Barajas's literacy and make the appropriate findings under the applicable listing."  *Id*. at 15.  The Report and Recommendation states:

> This Report and Recommendation will be submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Any party may file written objections with the Court and serve a copy on all parties on or before July 29, 2011. The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed on or before August 12, 2011. The parties are advised that failure to file objections within the specified time may waive the right to appeal the district court's order.

*Id*. at 15-16 (citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991)).

The docket reflects that no objections to the Report and Recommendation have been filed.

REVIEW OF THE REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b).

1   The district judge must "make a de novo determination of those portions of the report ... to

2   which objection is made," and "may accept, reject, or modify, in whole or in part, the findings

3   or recommendations made by the magistrate judge." 28 U.S.C. § 636(b).  The district court

4   need not review de novo those portions of a Report and Recommendation to which neither

5   party objects.  *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States*

6   *v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

7       A district court may remand a Social Security case pursuant to sentence four of 42

8   U.S.C. § 405(g).  *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007).  "'If

9   additional proceedings can remedy defects in the original administrative proceedings, a social

10  security case should be remanded.'"  *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989)

11  (quoting *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981)).  "[T]he proper course, except

12  in rare circumstances, is to remand to an administrative agency for additional investigation or

13  explanation." *INS v. Ventura*, 537 U.S. 12, 16 (2002).

14      After review of the Report and Recommendation, the record, and the submissions of the

15  parties, the Court concludes that the Magistrate Judge correctly recommended that Defendant's

16  Ex Parte Motion to Remand be granted.

17                                   CONCLUSION

18      IT IS HEREBY ORDERED that: (1) the Report and Recommendation (ECF No. 30)

19  is ADOPTED in its entirety; (2) Defendant's Ex Parte Motion to Remand (ECF No. 20) is

20  GRANTED; and (3) Plaintiff's Motion for Summary Judgment (ECF No. 14) is DENIED as

21  moot.  The Court REMANDS this case to the Commissioner of Social Security for further

22  proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

23  DATED:  August 15, 2011

24                          *William Q. Hayes*
                            **WILLIAM Q. HAYES**
25                          United States District Judge

26

27

28