# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO BARAJAS,<br><br>                              Plaintiff,<br>vs.<br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE SOCIAL<br>SECURITY ADMINISTRATION,<br><br>                             Defendant. | CASE NO. 10cv2327-WQH (RBB)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Application for Award of Attorney Fees (ECF No. 41) filed by Plaintiff Francisco Barajas' counsel, Joel D. Leidner ("Counsel").

## BACKGROUND

On November 10, 2010, Plaintiff Francisco Barajas filed a Complaint against the Commissioner of Social Security challenging the denial of his claim for disability insurance benefits and supplemental security income. (ECF No. 1).

On August 15, 2011, the Court granted Defendant's ex parte motion to remand, denied Plaintiff's motion for summary judgment as moot, and remanded this case to the Commissioner of Social Security for further proceedings. (ECF No. 31).

On September 29, 2011, Counsel filed an Application for Attorney Fees Under the Equal Access to Justice Act ("EAJA"). (ECF No. 34). On September 30, 2011, Counsel amended his Application. (ECF No. 36). On November 4, 2011, the Court granted the

1  Application and awarded Counsel "$7,282.63, which is comprised of 40.65 attorney hours."
2  (ECF No. 40).
3       On remand from this Court, the Administrative Law Judge ("ALJ") issued a decision
4  "fully favorable" to Plaintiff.  (ECF No. 41-3 at 4).  The ALJ found that Plaintiff "has been
5  disabled from November 4, 2004, through the date of this decision."  *Id.*  The ALJ approved
6  a "fee agreement between [Plaintiff] and his representative subject to the condition that the
7  claim results in past-due benefits...."  *Id.* at 3.
8       On May 17, 2012, Plaintiff received a "Notice of Award" letter from the Social Security
9  Administration, which stated:  "We are writing to let you know that you are entitled to monthly
10 disability benefits from Social Security beginning May 2006."  (ECF No. 41-1 at 1).  The letter
11 stated: "Your representative may ask the court to approve a fee no larger than 25 percent of
12 past due benefits.  Past due benefits are those payable through January 2012, the month before
13 the court's decision.  For this reason, we are withholding $20,493.00...."  *Id.* at 3.
14      On January 3, 2013, Counsel filed an Application for Award of Attorney Fees pursuant
15 to 42 U.S.C. § 406(b)(1)(A).  (ECF No. 41).  Counsel attests that he mailed a copy of the
16 Application to Plaintiff. (ECF No. 41 at 11). The record reflects that Plaintiff has not filed any
17 objection. On February 14, 2013, Defendant filed a Statement of Non-Opposition, stating that
18 "[t]he Commissioner of Social Security has no objection to the fee request."  (ECF No. 42).

## DISCUSSION

20      Based upon a contingency-fee agreement entered into with Plaintiff, Counsel requests
21 an award of $20,493.00, i.e. 25% of Plaintiff's past-due benefits award.  (ECF No. 41 at 1).
22 Counsel states that "[u]pon receipt of the fee, I will promptly send Mr. Barajas ... $7,282.63,"
23 the amount that this Court awarded to Plaintiff pursuant to the EAJA on November 4, 2011.
24 *Id.* at 11.  Counsel contends that his request is reasonable pursuant to the method proscribed
25 by the Supreme Court in *Gisbrecht v. Barnhart,* 535 U.S. 789 (2002) for computing fee awards
26 in social security cases.
27      Attorneys are entitled to fees for cases in which they have successfully represented
28 social security claimants:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may ... certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A). An award under § 406(b) is paid out of the claimant's past-due benefits, while an EAJA award is paid by the government. *See Russell v. Sullivan*, 930 F.2d 1443, 1446 (9th Cir. 1991), abrogated on other grounds by *Sorenson v. Mink,* 239 F.3d 1140, 1149 (9th Cir. 2001).

The 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the requested fee is reasonable. *See Gisbrecht,* 535 U.S. at 808-09 ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). "Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. The Supreme Court has provided five factors which may be relevant in considering whether a fee award under a contingency-fee arrangement is reasonable: (1) "the character of the representation;" (2) the "results the [attorney] achieved;" (3) "[i]f the attorney was responsible for delay;" (4) and "[i]f the benefits are large in comparison to the amount of time counsel spent on the case." *See id.* at 808; *see also Crawford v. Astrue*, 545 F.3d 854, 858-59 (9th Cir. 2008).

On October 18, 2010, Counsel and Plaintiff entered into a contingency fee agreement which provided: "[A]s consideration for successfully representing me in my Social Security Disability and/or Supplemental Security Income case, I shall pay the sum of TWENTY-FIVE PERCENT (25%) of all past due benefits to JOEL D. LEIDNER." (ECF No. 41-4 at 1). A billing summary chart submitted by Counsel shows that he expended 38.15 hours on Plaintiff's case. (ECF No. 41-5 at 7). Counsel's requested award of $20,493.00, divided by 38.15 hours, represents an hourly rate of approximately $537.17.

The Court has considered all of the *Gisbrecht* factors as they relate to this case. There is no evidence in the record suggesting that Counsel overreached or unreasonably delayed this

1 litigation. *See* ECF No. 40 at 5-6 (November 4, 2011 Order of this Court granting Plaintiff's
2 request for an EAJA fee award and finding that Counsel did not act unreasonably by filing an
3 opposition to Defendant's motion to remand) (citing *McClellan v. Astrue*, No. 1:05cv00050
4 JMD, 2009 WL 426542 at *3 (E.D. Cal. Feb. 20, 2009)). Counsel's efforts on Plaintiff's
5 behalf were ultimately successful. The effective hourly rate for Counsel's time is within the
6 range of what other courts have found to be reasonable in similar social security cases. *See,*
7 *e.g., Sproul v. Astrue*, 11-CV-1000-IEG DHB, 2013 WL 394056 (S.D. Cal. Jan. 30, 2013)
8 (awarding $16,210.50, which represented an hourly rate of roughly $800.00, and explaining
9 that "courts loathe" penalizing counsel for effective representation in cases such as this); *Ellick*
10 *v. Barnhart*, 445 F. Supp. 2d 1166, 1172-73 (C.D. Cal. 2006) (awarding $10,031.56, which
11 represented an hourly rate of $550); *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1036 (N.D. Cal.
12 2003) (awarding $25,132.50, which represented an hourly rate of $450); *see also Hembree v.*
13 *Astrue,* No. ED CV 06-497-PLA, 2009 WL 510310, at *3 (C.D. Cal., Feb. 27, 2009)
14 (collecting cases). Based on the quality of Counsel's representation and the results achieved
15 in this case, the Court concludes that the fees sought pursuant to § 406(b) are reasonable.

## CONCLUSION

17 IT IS HEREBY ORDERED that the Application for Award of Attorney Fees (ECF No.
18 41) is GRANTED. Defendant is ordered to pay Counsel the sum of twenty-thousand four-
19 hundred ninety-three dollars and zero cents ($20,493.00). Upon receipt of those funds from
20 Defendant, Counsel is ordered to reimburse Plaintiff Francisco Barajas the sum of seven-
21 thousand two-hundred eighty-two dollars and sixty-three cents ($7,282.63), the amount that
22 Defendant already paid to Counsel in EAJA fees.
23 DATED: March 6, 2013

**WILLIAM Q. HAYES**
United States District Judge